# Illinois Official Reports

## Appellate Court

***People v. Bernard*, 2015 IL App (2d) 140451**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARY C. BERNARD, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-14-0451 |
| Filed | March 3, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from the trial court's order granting defendant's amended motion to quash her arrest and suppress evidence, where the evidence supporting her charged offense of obstruction of justice was not the fruit of the purportedly unconstitutional police conduct of handcuffing defendant and placing her in the backseat of the squad car behind the bottle of pills an officer had just found when defendant removed the handcuffs, grabbed the bottle and took all of the pills, since her action of swallowing the pills was independent of the alleged police illegality; therefore, the appellate court held that the exclusionary rule did not apply. |
| Decision Under Review | Appeal from the Circuit Court of Kendall County, No. 13-CF-28; the Hon. Timothy J. McCann, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Eric C. Weis, State's Attorney, of Yorkville (Lawrence M. Bauer and Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Liam Dixon, of Law Offices of Liam Dixon, of Aurora, for appellee. |

Panel JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Zenoff and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1     The State appeals from an order of the circuit court of Kendall County granting the amended motion of defendant, Mary C. Bernard, to quash her arrest and suppress evidence. Because the evidence supporting her charged offense was not the fruit of the purportedly unconstitutional police conduct, and therefore the exclusionary rule did not apply, we reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3     The following facts were established at the hearing on defendant's motion. At approximately 2:30 a.m. on January 19, 2013, Officer Johnson and several other officers of the Aurora police department were dispatched to a residence to investigate a report of a domestic disturbance involving a suicidal individual. When Officer Johnson arrived, he was invited into the home and spoke to the mother of Cody Sansalone, the young man causing the disturbance and threatening to commit suicide.

¶ 4     Officer Johnson then spoke to Sansalone, who said that he wanted to kill himself by ingesting pills. When Officer Johnson asked him where the pills were, Sansalone told him that they were on a computer desk upstairs.

¶ 5     Officer Johnson then went up the stairs, saw a computer desk on a landing, but saw no pills on the desk. About that time, Sansalone's younger sister told Officer Johnson that Sansalone and defendant were always bringing ecstasy[1] into the house. She also told Officer Johnson that defendant had just taken a prescription pill bottle into the bathroom.

¶ 6     Officer Johnson and Sergeant Wiencek knocked several times on the bathroom door, but defendant did not answer. When defendant finally opened the door, Officer Johnson saw her standing over the toilet with a prescription pill bottle in her hand. When Officer Johnson asked her what she was holding, she answered that it was her herpes medication. When he asked whether he could look in the bottle, defendant refused to give him the bottle. He then grabbed the bottle, saw her name on it, opened it, and observed pills of various colors. Based on his 25 years' experience as a police officer and the information he had received from Sansalone's sister, he believed that the pills were ecstasy.

¶ 7     After seeing the pills in the bottle, Officer Johnson arrested defendant for possession of the pills. When he advised defendant that she was under arrest, she became irate, flailed her arms, and resisted being handcuffed.

¶ 8     After Sergeant Wiencek had handcuffed defendant behind her back, Officer Johnson placed her in the backseat of his squad car. Officer Johnson put the bottle holding the pills in

---

[1]Ecstasy is a common name for 3,4-methylenedioxy-methamphetamine (also known as MDMA), an illegal drug that acts as both a stimulant and a psychedelic. See http://www.drugabuse. gov/publications/drugfacts/mdma-ecstasy-or-molly (last visited Feb. 10, 2015).

a cup holder next to the driver's seat. As Officer Johnson sat in the squad car completing an arrest form, defendant removed the handcuffs, grabbed the bottle, and swallowed all of the pills.

¶ 9    Defendant was indicted on one count of obstruction of justice, based on her having swallowed the pills. See 720 ILCS 5/31-4(a) (West 2012). Defendant filed an amended motion to quash her arrest and suppress evidence, essentially contending that, because the police conduct in seizing and searching the pill bottle had violated her fourth-amendment rights, the evidence related to her swallowing the pills, being the fruit of that police misconduct, must be suppressed. The State responded that defendant lacked standing to challenge the legality of the police conduct and that the plain-view doctrine justified the police conduct. Alternatively, the State contended that, because the evidence of obstruction of justice was unrelated to the alleged police misconduct, the exclusionary rule did not apply to that evidence. After the trial court granted defendant's motion and denied the State's motion to reconsider, the State filed a certificate of impairment (see Ill. S. Ct. R. 604(a)(1) (eff. Feb. 6, 2013)) and a timely notice of appeal.

¶ 10                                    II. ANALYSIS

¶ 11    When reviewing a trial court's ruling on a motion to quash and suppress, we greatly defer to the court's factual findings and will reverse those findings only if they are against the manifest weight of the evidence. *People v. Close*, 238 Ill. 2d 497, 504 (2010). However, we review *de novo* the ultimate decision to grant or deny the motion. *Close*, 238 Ill. 2d at 504.

¶ 12    Under the exclusionary rule, courts are precluded from admitting evidence that is gathered by the police in violation of the fourth amendment. *People v. Sutherland*, 223 Ill. 2d 187, 227 (2006). The fruit-of-the-poisonous-tree doctrine is an outgrowth of the exclusionary rule. *People v. Henderson*, 2013 IL 114040, ¶ 33. Under that doctrine, a fourth-amendment violation is deemed the poisonous tree, and any evidence obtained by exploiting that violation will be suppressed as fruit of that tree. *Henderson*, 2013 IL 114040, ¶ 33. The test for whether evidence is fruit of the poisonous tree was best articulated in *Wong Sun v. United States*, 371 U.S. 471 (1963). *Henderson*, 2013 IL 114040, ¶ 33. In discussing the doctrine, the United States Supreme Court identified the dispositive question as whether, granting the establishment of the primary illegality, the objected-to evidence was obtained by exploiting that illegality or instead by a means sufficiently distinguishable to be purged of the primary taint. *Henderson*, 2013 IL 114040, ¶ 33 (citing *Wong Sun*, 371 U.S. at 488). Said another way, a court must consider whether the chain of causation proceeding from the unconstitutional conduct became so attenuated, or was interrupted by some intervening circumstance, as to remove the taint imposed by the original illegality. *Henderson*, 2013 IL 114040, ¶ 33 (citing *United States v. Crews*, 445 U.S. 463, 471 (1980)).

¶ 13    Moreover, the Supreme Court has rejected a "but for" test, under which evidence would be deemed inadmissible simply because it would not have been discovered but for the primary illegality. *Henderson*, 2013 IL 114040, ¶ 34 (citing *Wong Sun*, 371 U.S. at 487-88). Therefore, evidence that comes to light through a chain of causation that began with an illegal search or seizure is not necessarily inadmissible. *Henderson*, 2013 IL 114040, ¶ 34.

¶ 14    The Illinois Supreme Court has recognized that there is no authority for extending the exclusionary rule to evidence of conduct that arose in reaction to an illegal search or seizure. *People v. Villarreal*, 152 Ill. 2d 368, 378 (1992). Therefore, a defendant who commits an

unlawful homicide, assault, or other offense in response to a fourth-amendment violation would not be entitled to suppression of evidence of the subsequent crime. *Villarreal*, 152 Ill. 2d at 378. The exclusionary rule does not apply to evidence of a defendant's actions directed against the police, regardless of the illegality of the police conduct. *Villarreal*, 152 Ill. 2d at 378-79.[2] To countenance, through the use of the exclusionary rule, an unlawful version of self-help would encourage unlawful and retaliatory conduct. *Villarreal*, 152 Ill. 2d at 378. Indeed, such a policy would be fundamentally contrary to a civilized rule of law. *Villarreal*, 152 Ill. 2d at 378.

¶ 15    In our case, even if the police violated defendant's fourth-amendment rights before she swallowed the pills, an issue we need not decide, the evidence related to her swallowing the pills should not have been excluded. That is so because that evidence was related to an offense committed in response to the purported fourth-amendment violation. Defendant's act of swallowing the pills was directed against the police in that it interfered with their investigation of potential criminal activity by defendant. As our supreme court has directed, the exclusionary rule must not be used to countenance and encourage a defendant's unlawful and retaliatory response to perceived police misconduct. *Villarreal*, 152 Ill. 2d at 378. Application of the exclusionary rule in this case would do exactly that. Thus, the trial court erred in applying the exclusionary rule to the evidence related to defendant's swallowing the pills.

¶ 16    Further, we note that the primary purpose underlying the exclusionary rule and its related fruit-of-the-poisonous-tree doctrine, deterrence of police misconduct (see *United States v. Calandra*, 414 U.S. 338, 347 (1974)), would not be served by excluding the evidence related to defendant's swallowing the pills. The police will not be deterred from unconstitutional conduct by suppressing evidence that was not a product of that misconduct. See *Hudson v. Michigan*, 547 U.S. 586, 596 (2006) (value of deterrence depends upon the strength of the incentive to violate the constitution). Here, because the purported police misconduct did not produce the evidence related to defendant's swallowing the allegedly illegally seized evidence, application of the exclusionary rule to that evidence would not be an effective deterrent.[3]

<hr>

[2]This concept has been referred to by our appellate courts as the "distinct-crime exception" to the fruit-of-the-poisonous-tree doctrine. See, *e.g.*, *People v. Brown*, 345 Ill. App. 3d 363, 367 (2003).

[3]At oral argument, defense counsel suggested that Officer Johnson engaged in misconduct that triggered the exclusionary rule when he placed defendant in the squad car with the pills, thereby creating the opportunity for her to swallow them. Although we do not agree that Officer Johnson engaged in any inappropriate conduct by placing a handcuffed defendant into the backseat of the squad car and the pills in the front console next to him, it does not matter, as that asserted misconduct was not the type governed by the exclusionary rule. Rather, the exclusionary rule is designed to deter police misconduct of a constitutional magnitude. See *Sutherland*, 223 Ill. 2d at 227 (exclusionary rule is a judicially created remedy that prospectively protects fourth-amendment rights by deterring future police misconduct); see also *Mapp v. Ohio*, 367 U.S. 643, 648 (1961) (exclusionary rule is a deterrent safeguard without which the fourth amendment would be reduced to a form of words); *Elkins v. United States*, 364 U.S. 206, 217 (1960) (deterrent purpose of the exclusionary rule is to compel respect for a constitutional guaranty in the only effective way available, by removing the incentive to disregard the constitution). Even if Officer Johnson's conduct in placing defendant and the pills in the squad car was improper, it certainly did not implicate the constitution and thereby trigger application of the exclusionary rule.

¶ 17    Defendant contends that her swallowing the pills was not independent of the asserted police illegality, because, without that illegality, there would have been no evidence for her to swallow. That argument, however, urges a "but for" application of the fruit-of-the-poisonous-tree doctrine, which, as discussed, has been rejected. See *Henderson*, 2013 IL 114040, ¶ 34.

¶ 18    Based on the foregoing, we hold that the exclusionary rule did not apply to the evidence related to the crime of obstruction of justice. Therefore, we reverse on that basis alone and do not reach the parties' other contentions.

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we reverse the order of the circuit court of Kendall County granting defendant's amended motion to quash her arrest and suppress evidence, and we remand the cause.

¶ 21    Reversed and remanded.